UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

U.S. FIDELITY AND GUARANTY
INSURANCE COMPANY,

                              Plaintiff,

v.

JIM'S ELECTRIC AND GENERAL
CONTRACTING, INC., DYNAMIC CHEMICALS,
INC. and J.S.R. SYSTEMS LTD.,                05-CV-0440A(Sr)

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

J.S.R. SYSTEMS, LTD.,

        Third-Party Plaintiff,

v.

CATHERINE FAUST,

        Third-Party Defendant.

---

## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #4.

        Currently before the Court is defendant Jim's Electric and General Contracting, Inc.'s motion for summary judgment. Dkt. #48. For the following reasons, it is recommended that the defendant's motion be granted.

**BACKGROUND**

Plaintiff, U.S. Fidelity and Guaranty Insurance Company, is the subrogee of 451 Elmwood Avenue, Inc., a property commonly known as the restaurant Nektar, which sustained damages in a fire on May 16, 2004. Dkt. #49, ¶ ¶ 1-2 . There is little dispute but that the fire originated within or around the flue pipe for the wood-fired pizza oven and that the flue pipe was neither installed in accordance with manufacturer specifications nor was it inspected or cleaned as frequently as recommended by the manufacturer. Dkt. #48-3; Dkt. #48-5; Dkt. #48-7 & Dkt. #51-6. There is no evidence that the fire was caused by electrical malfunction or improper wiring. Dkt. #48-3, p.9.

Jim's Electric and General Contracting was involved in both phases of the renovation of 451 Elmwood Avenue into Nektar. By letter dated January 3, 2001, John J. Kanutsu, President of Jim's Electric, sent to Mr. Malliaris, the proprietor of Nektar, a two-page quote for material and labor for the renovation of the exterior of the building and parking lot, including stripping the roof to the existing deck and installing a new roof, for a total cost of $56,200. Dkt. #48-8, p.2. By letter dated February 26, 2001, Mr. Kanutsu sent to Mr. Malliaris a four-page quote for material and labor for the renovation of the interior of the building at a total cost of $98,750. Dkt. #48-8, pp.5-8. This quote defined the scope of work with respect to plumbing, electric, interior flooring, drywall, painting and door hanging and included electrical wiring for the rooftop and basement oven support. Dkt. #48-8, pp.5-8. The quote specifically excluded, *inter alia*:

- Additional permit cost;
- H.V.A.C.; , and
- Hood and exhaust system.

Dkt. #48-8, p.7.

Charles Voit, the owner of J.S.R. Systems, Ltd., a company which performs heating, ventilation and air conditioning work for residential and small commercial customers, testified at his deposition that he installed the heating, ventilation and air conditioning at Nektar and that he installed the flue pipe and exhaust system for the wood-fired pizza oven. Dkt. #48-8, pp.45, 47-48 & 52. Mr. Voit received the plans for the installation of the flue pipe and exhaust system from Catherine Faust, the architect hired by Mr. Malliaris. Dkt. #48-8, p.51. Mr. Voit fabricated the flue pipe himself. Dkt. #48-8, p.59. Mr. Voit did not recall any discussion with anyone from Jim's Electric and General Contracting, Inc., with respect to the installation of the flue pipe and exhaust system for the wood-fired pizza oven. Dkt. #48-8, pp.52 & 60-61. He was paid for the installation of the flue pipe and exhaust system for the wood-fired pizza oven directly by the owner of Nektar, Stavros Malliaris. Dkt. #48-8, pp.50-51 & 57-58.

Mr. Malliaris testified at his deposition that he selected Jim's Electric and General Contracting, Inc. as the general contractor. Dkt. #51-3, p.12. He also testified that he contracted directly with other contractors. Dkt. #51-3, pp.13-14. Mr. Malliaris recalled that Mr. Voit "did the pizza oven," including the venting and duct work, explaining that he had known Mr. Voit for "many years." Dkt. #51-3, pp.14-15; Dkt. #55-2, p.6. Mr. Malliaris did not recall if he had a written contract with Jim's Electric and General Contracting. Dkt. #51-3, p.14. Mr. Malliaris specifically testified that he did not know if Jim's Electric and General Contracting was supposed to supervise the work performed by J.S.R. Systems, Ltd. Dkt. #55-2, p.14.

When asked who the contractors were for the second phase of the renovation, Ms. Faust also testified that Jim's Electric and General Contracting, Inc., was the "general contractor." Dkt. #51-3, p.3. She then specified that Jim's Electric

and General Contracting, Inc. "was the entity who [sic] was doing the construction." Dkt. #51-3, p.4.[1]

John Kanutsu, President of Jim's Electric and General Contracting, Inc., testified at his deposition that he never received any architectural drawings with respect to the location of the flue pipe, never had any discussion with either the architect, Ms. Faust, or the owner, Mr. Milliaris regarding the flue pipe, was not present when the flue pipe and exhaust system were installed or inspected by City Inspectors, and conducted no inspection of the flue pipe or exhaust system himself.  Dkt. #48-8, pp.19, 25-26 & 31.  Jim's Electric and General Contracting, Inc.'s only involvement with the installation of the flue pipe and the exhaust system for the wood-fired pizza oven was the wiring of a blower fan which had been replaced by J.S.R. Systems, Ltd, prior to the fire.  Dkt. #48-8, pp.20, 27-29, 32 & 58-59.

Mr. Kanutsu testified that he undertook no responsibility for supervising any of the work on the interior renovation except that which was within the parameters of his quote.  Dkt. #48-8, p.21.  Mr. Kanutsu further testified that Mr. Milliaris hired numerous contractors, including J.S.R. Systems, Ltd., directly.  Dkt. #48-8, pp.22 & 33. Mr. Kanutsu testified that he did not submit a quote for the pizza oven exhaust work because he was "not a heating contractor" and because "J.S.R. is Stavros' maintenance person and he wanted him to do all the installation, anything regarding HVAC in that Nektar project."  Dkt. #48-8, p.37.

---

[1] Although the supporting deposition testimony is not included in the summary judgment record, the Court notes that Ms. Faust's expert witness cites Ms. Faust's deposition transcript in support of the following statement: "Although Mr. Malliaris had hired IRD Corporation to act as construction manager on Phase One, the Architect testified that the owner elected not to use IRD or any other construction manager for [P]hase [T]wo because it would increase the cost of the project (CF dep. pg. 69, lines 22 & 23, pg. 70, line 1)." Dkt. #48-6, p.8.

The sole allegation against Jim's Electric and General Contracting, Inc., is set forth in plaintiff's expert witness disclosure as follows:

> Lastly, Mr. Miller will opine that the general contractor, Jim's Electric and General Contracting, did not properly supervise and direct all work for the project for which he had a duty to avoid the installation of the chimney pipe near combustibles, and avoid improper roof design, nor did he coordinate and inspect all portions of the work as required by a general contractor.

Dkt. #48-3, p.5.  Plaintiff's expert reiterates that Jim's Electric and General Contracting, Inc.,

> was the General Contractor who bore the responsibility to ensure the chimney pipe/flue was properly installed as a part of the overall construction. [Jim's Electric and General Contracting, Inc.,] also had the responsibility to coordinate documents.  It is not unusual in the Construction industry to have a "separate" agreement, yet the GC coordinates the entirety of the construction.

Dkt. #48-5, p.29.

## **DISCUSSION AND ANALYSIS**

Jim's Electric and General Contracting, Inc., argues that there is no factual support for plaintiff's allegation that it was obligated to supervise the contractor who installed the flue pipe and exhaust system for the wood-fired pizza oven.  Dkt. #48.

Plaintiff argues that the deposition testimony of Mr. Milliaris and Ms. Faust that Jim's Electric and General Contracting, Inc. served as the general contractor is sufficient to create a material issue of fact.  Dkt. #52, p.3.  Plaintiff also argues that there is a question of fact as to whether Jim's Electric and General Contracting, Inc.'s, direct involvement in the installation of the wood-fired pizza oven is sufficient to impose liability upon this defendant.  Dkt. #52, p.3.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a pro se plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 799 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982. A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

Jim's Electric and General Contracting, Inc., cannot be held liable for failing to fulfill the obligations of a general contractor in the absence of an agreement to undertake the responsibilities of a general contractor.  Nowhere in the quote for renovation of the interior of the building is there any mention that Jim's Electric and General Contracting, Inc. would supervise, inspect or otherwise accept responsibility for work beyond the scope of its quote.  To the contrary, the quote specifically excludes additional permit cost, HVAC and the hood and exhaust system for the wood-fired pizza oven.  Dkt. #48-8, p.7.  Mr. Malliaris did not testify or affirm that there was any discussion with or agreement by Mr. Kanutsu to supervise, inspect or otherwise accept responsibility for work beyond the scope of his company's quote.  Moreover, Mr. Malliaris testified that he did not know if Jim's Electric and General Contracting, Inc., was supposed to supervise the work performed by J.S.R. Systems, Ltd.  Dkt. #55-2, p.14.

Ms. Faust's deposition testimony that Jim's Electric and General Contracting, Inc., was the general contractor was based upon nothing more than her understanding that they were "doing the construction."  Dkt. #51-3, p.4.  In contradiction of her characterization of Jim's Electric and General Contracting, Inc., Ms. Faust provided the plans for the installation of the flue pipe and exhaust system for the wood-fired pizza oven directly to Mr. Voit.  Dkt. #48-8, p.51.  Mr. Voit was paid for this work directly by Mr. Malliaris and did not recall any discussion with anyone from Jim's Electric and General Contracting, Inc., with respect to the installation of the flue pipe and exhaust system for the wood-fired pizza oven.  Dkt. #48-8, pp. 52, 57-58 & 60-61.  Thus, there is no factual basis to support the allegation that Jim's Electric and General Contracting, Inc. was a general contractor with supervisory responsibility over J.S.R. Systems, Ltd.'s work installing the flue pipe and exhaust system for the wood-fired pizza oven.

There is also no evidence in the summary judgment record from which a jury could conclude that any of the work Jim's Electric and General Contracting, Inc., performed with respect to the renovation at Nektar's contributed to the cause of the fire. Although Mr. Kanutsu testified that his electrician wired a blower fan, it is undisputed that the fan was replaced by J.S.R. Systems, Ltd, prior to the fire and that the fire was not caused by an electrical malfunction or improper wiring. Dkt. #48-3, p.9, 48-8, pp. 45, 47-48, 52 & 59; Dkt. #48-8, pp.20, 27-29, 32, & 58-59. Rather, it was determined that the fire was caused by the improper installation and infrequent cleaning of the flue pipe which was fabricated and installed by Charles Voit. Dkt. #48-3; Dkt. #48-5; Dkt. #48-7 & Dkt. #51-6.

## **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that Jim's Electric and General Contracting, Inc.'s motion (Dkt. #48), for summary judgment of be **GRANTED.**

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:    Buffalo, New York
              August 4, 2008

 s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**