UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

U.S. FIDELITY AND GUARANTY
INSURANCE COMPANY,

                         **Plaintiff,**

v.

JIM'S ELECTRIC AND GENERAL
CONTRACTING, INC., DYNAMIC CHEMICALS,
INC. and J.S.R. SYSTEMS LTD.,           05-CV-0440A(Sr)

                         **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

J.S.R. SYSTEMS, LTD.,

                         **Third-Party Plaintiff,**

v.

CATHERINE FAUST,

                         **Third-Party Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #4.

Currently before the Court are motions by defendants Catherine Faust and J.S.R. Systems, Ltd. ("J.S.R. Systems"), seeking leave to amend their answers to

assert an affirmative defense based upon the statute of limitations and for summary judgment dismissing the complaints against them based upon that defense. Dkt. ##65 & 72. For the following reasons, Catherine Faust and J.S.R. Systems' motion to amend their answers to assert the statute of limitations as an affirmative defense is granted and it is recommended that Catherine Faust's motion for summary judgment based upon the statute of limitations defense be granted and that J.S.R. Systems' motion for summary judgment based upon the statute of limitations be granted in part.

## **FACTUAL BACKGROUND**

Plaintiff, U.S. Fidelity and Guaranty Insurance Company, is the subrogee of 451 Elmwood Avenue, Inc., a property commonly known as the restaurant Nektar, which sustained damages in a fire on May 16, 2004. Dkt. #49, ¶¶ 1-2 . There is little dispute but that the fire originated within or around the flue pipe for the wood-fired pizza oven and that the flue pipe was neither installed in accordance with manufacturer specifications nor was it inspected or cleaned as frequently as recommended by the manufacturer. Dkt. #48-3; Dkt. #48-5; Dkt. #48-7 & Dkt. #51-6.

Charles Voit, the owner of J.S.R. Systems, a company which performs heating, ventilation and air conditioning work for residential and small commercial customers, testified at his deposition that he installed the heating, ventilation and air conditioning at Nektar and that he fabricated the flue pipe and installed the flue pipe and exhaust system for the wood-fired pizza oven. Dkt. #48-8, pp.45, 47-48, 52, 59. At his deposition, Mr. Voit testified that he performed this work pursuant to a verbal

agreement with the owner of the restaurant, Stavros Malliaris "[a]round '02." Dkt. #72-4, pp.5 & 8. It does not appear that Mr. Voit submitted a written bill for this work, but was paid directly by Mr. Malliaris. Dkt. #72-4, pp.10 & 19.

Mr. Voit received the plans for the installation of the flue pipe and exhaust system from Catherine Faust, the architect hired by Mr. Malliaris. Dkt. #48-8, p.51. The agreement for architectural services between Ms. Faust and Mr. Malliaris, dated November 1, 1999, provides that Ms. Faust would supply construction documents, construction administration and assist in the procurement of a building permit for a fee of $8500 plus a $500 gift certificate. Dkt. #68-2, p.2. In August of 2001, following a disagreement with Mr. Malliaris regarding payment for her services, Ms. Faust stopped working on the project. Dkt. #68, ¶ 14.

The City of Buffalo issued a Conditional Certificate of Occupancy on September 18, 2001 and Nektar opened for business in September of 2001. Dkt. #66, ¶¶ 10-11.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action against Jim's Electric and General Contracting, Inc. ("Jim's Electric"); Dynamic Chemicals, Inc.; and J.S.R. Systems on June 17, 2005 alleging negligence and breach of contract against Jim's Electric and J.S.R. Systems with respect to the installation of the pizza oven's ductwork and flue pipe and against Dynamic Chemicals, Inc., with respect to the inspection, cleaning and maintenance of the pizza oven's ductwork and flue pipe. Dkt. #1.

On December 1, 2005, J.S.R. Systems filed a third party complaint seeking indemnification and contribution from Catherine Faust, alleging that Ms. Faust failed to exercise due care in the design of plans for the location of the pizza oven's ductwork and flue pipe. Dkt. #25. On December 16, 2005, plaintiff asserted a direct claim against Catherine Faust. Dkt. #26. Ms. Faust asserted cross-claims against Jim's Electric; J.S.R. Systems; and Dynamic Chemicals. Dkt. ##32 & 33.

An Amended Case Management Order set a deadline of April 28, 2006 for the parties to move to join additional defendants or amend their pleadings. Dkt. #37.

Jim's Electric moved for summary judgment on December 20, 2006. Dkt. #48. That motion was granted by Order entered August 26, 2008. Dkt. #58.

Catherine Faust's motion to amend her answer and for summary judgment was filed on March 10, 2009. Dkt. #65. J.S.R. Systems' motion to amend its answer and for summary judgment was filed on March 13, 2009. Dkt. #72.

## DISCUSSION AND ANALYSIS

Catherine Faust argues that she should be permitted to amend her answer to assert the statute of limitations as an affirmative defense and that she should be awarded summary judgment dismissing J.S.R. Systems' malpractice claim seeking contribution and indemnification and plaintiff's direct claim against her because the applicable statute of limitations is three years from the completion of construction and there is no dispute that construction was completed no later than September of 2001 when the restaurant opened for business. Dkt. #69. Ms. Faust explains that her delay was not caused by bad faith or dilatory motive, but occurred because she "was not

focused on a statute of limitations defense until discovery because the pleadings did not discuss the completion date of the project and she was unable to determine the accrual date until the parties conducted discovery." Dkt. #69, p.12.

J.S.R. Systems argues that it should be permitted to amend its answer to assert the statute of limitations as an affirmative defense and that it should be awarded summary judgment dismissing plaintiff's complaint against it because plaintiff's claims sound in tort and the applicable statute of limitations for tort claims is three years from the completion of construction and there is no dispute that construction was completed no later than September of 2001 when the restaurant opened for business. Dkt. #72-5.

Plaintiff responds that the motions to amend the pleadings are untimely as J.S.R. Systems should have known that the construction work was completed in 2001 and both J.S.R. Systems and Catherine Faust were aware that the restaurant opened in September of 2001 no later than May 18, 2006, when Mr. Malliaris was deposed. Dkt. #76, pp.4-5; Dkt. #79, pp.4-5. Plaintiff argues that it has been prejudiced by

> countless depositions, multiple Court conferences, subsequent motion practice, mediations, and costly expert inspections and disclosures, all necessitating expensive travel by Plaintiff's Counsel from downstate New York to Buffalo. (In this respect, Plaintiff has made three expert disclosures). Plaintiff is considerably prejudiced by this repeated delay as now other potential tortfeasors, including possible manufacturer "lack of warning" claims have not been fully explored and are now time barred.

Dkt. #76, p.6; Dkt. #79, p.6.

Plaintiff also argues that the proposed amendment is without merit because "the applicable time period at issue for when an owner can sue a contractor for

faulty construction is six years from the time of substantial completion or when title is taken." Dkt. #76, p.7; Dkt. #79, p.8. Plaintiff asserts that the six year statute of limitations "applies to all causes of action, regardless of whether the legal theory of liability sounds in tort, contract or both." Dkt. #76, p.8; Dkt. #79, p.8. Thus, plaintiff asserts that its "tort claims are timely in this action since they were commenced within six years of substantial completion of the construction at issue." Dkt. #76, p.9; Dkt. #76, p.8.

**Relief from Scheduling Order - Fed.R.Civ.P 16(b)**

Fed.R.Civ.P 16(b) requires that the district court enter a scheduling order setting deadlines for, *inter alia*, joinder of additional parties and amendment of pleadings. The scheduling order cannot not be modified except by leave of the district court upon a showing of good cause. Fed.R.Civ.P 16(b). "[T]he rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus*, 204 F.3d 326, 339-340 (2d Cir. 2000) (internal citation omitted).

"'Good cause' means that scheduling deadlines cannot be met despite a party's diligence." *Carnrite v. Granada Hosp. Group, Inc*., 175 F.R.D. 439, 446 (W.D.N.Y. 1997); *see Parker*, 204 F.3d at 340 ("finding of 'good cause' depends on the diligence of the moving party."). Good cause can be established when a party does not discover a basis to amend the pleadings or add parties until the scheduling order's deadline to do so has passed. *See Oxaal v. Internet Pictures Corp.,* No. 00-CV-1863, 2002 WL 485704 (N.D.N.Y. Mar. 27, 2002) (good cause established where, subsequent to scheduling order deadline for amendment of pleadings, Federal Circuit decision "established new rule of law" which defendant sought to assert as a defense in his

amended answer); *Robinson v. Colonie*, 1993 WL 191166 (N.D.N.Y. June 3, 1993) (good cause established where plaintiffs did not learn that they had confused the identity of defendants until they observed defendants at deposition, which was conducted subsequent to scheduling order deadline for filing amended pleadings).

In the instant case, affording J.S.R. Systems and Catherine Faust the benefit of the doubt as to their lack of awareness of the date of completion of construction at the restaurant, the Court finds good cause for relief from the deadline set forth in the scheduling order based upon the fact that the April 28, 2006 deadline passed before the deposition of Mr. Malliaris which confirmed the completion of construction and the opening of the restaurant in September of 2001.

**Leave to Amend the Complaint -  Fed.R.Civ.P 15(a)**

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party.  Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  In determining what constitutes prejudice, courts generally consider whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir.), *cert. denied*, 531 U.S. 1035 (2000). The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court. *Foman,* 371 U.S. at 182.

The Court finds that the parties' delay in moving to amend their complaint has not caused plaintiff undue prejudice because the discovery and court proceedings subsequent to Mr. Malliaris' deposition were necessary to the prosecution of plaintiff's claims against defendants other than J.S.R. Systems and Catherine Faust. In any event, "the fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings." *Monahan*, 214 F.3d at 284. Moreover, plaintiff cannot claim surprise from the assertion of the statute of limitations as plaintiff was also aware that construction was completed more than three years prior to the filing of the complaint. *See Monahan*, 214 F.3d at 284 (fact that plaintiff had the information giving rise to the defense weighs against argument that plaintiff was prejudiced by the delay). Furthermore, plaintiff cannot claim prejudice from its decision not to commence action against the manufacturer of the pizza oven because such a failure to warn claim would have been barred by the statute of limitations as of the filing of the complaint against J.S.R. Systems on June 17, 2005. *See Ito v. Dryvit Systems, Inc.*, 16 A.D.3d 554, 555 (2nd Dep't 2005) (failure to warn claim seeking to recover for damage to property governed by three-year statute of limitations set forth in N.Y.C.P.L.R. 214(4)), *leave denied*, 6 N.Y.3d 705 (2006). In addition, consideration of the statute of limitations defense does not require any additional discovery and will permit expeditious resolution of plaintiff's tort claims. Thus, the motions of Cathherine Faust and J.S.R. Systems to amend their answers to assert the statute of limitations as an affirmative defense are granted.

**Summary Judgment - Fed.R.Civ.P 56(c)**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a pro se plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 799 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982. A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the

> Federal Rules of Civil Procedure, that there are specific
> factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

Accrual

"In cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance." *City Sch. Dist. of City of Newburgh v. Hugh Stubbins & Assocs.*, 85 N.Y.2d 535, 538 (1995). "[N]o matter how a claim is characterized in the complaint – negligence, malpractice, breach of contract – an owner's claim arising out of defective construction accrues on date of completion, since all liability has its genesis in the contractual relationship of the parties." *Id.* The statute of limitations begins to run even if "incidental matters" remain open. *Phillips Constr. Co., Inc. v. City of New York*, 61 N.Y.2d 949, 951 (1984); *State of New York v. Lundin*, 60 N.Y.2d 987, 989 (1983). As it is clear in the instant case that construction was complete and the restaurant was open for business in September of 2001, this is the latest date that the statute of limitations began to run.

"[C]onsistent with the principles that a subrogation claim is derivative of the underlying claim and that the subrogee possesses only such rights as the subrogor possessed, with no enlargement or diminution . . . a defendant in a subrogation action has against the subrogee all defenses that he would have against the subrogor, including the same statute of limitations defense that could have been asserted against the subrogor." *Allstate Ins. Co. v. Stein*, 1 N.Y.3d 416, 420-21 (2004).

Claims against J.S.R. Systems

Plaintiff asserts both negligence and breach of contract claims against J.S.R. Systems. Dkt. #1.

New York's Civil Practice Law and Rules generally provides a three year statute of limitations for an action to recover damages for injury to property. N.Y.C.P.L.R. § 214(4). As plaintiff's negligence claim accrued no later than September of 2001, the filing of the complaint on June 17, 2005 was untimely.

New York's Civil Practice Law and Rules provides a six year statute of limitations for breach of contract. N.Y.C.P.L.R. § 213(2). Thus, plaintiff's breach of contract claim is timely.

Plaintiff's breach of contract claim alleges that J.S.R. Systems "breached their contractual duties and obligations with plaintiff's insured in that they failed to properly handle, protect and preserve the property owned by plaintiff's insured being [sic] the cause of the damages suffered by plaintiff's insured." Dkt. #1, ¶ 22. As a result, plaintiff seeks damages for the "severe and extensive damage to the insured's property," *to wit*, reimbursement of the $350,000 plaintiff reimbursed its insured following damage to the restaurant from the fire and an additional $600,000 plaintiff anticipates reimbursing its insured for damages. Dkt. #1, ¶ 23.

Plaintiff's demand for damages is beyond the scope of relief available in a breach of contract claim. *See Regent Ins. Co. v. Storm King Contracting, Inc.*, No. 06 CIV. 2879, 2008 WL 563465, at *4-5 (S.D.N.Y. Feb. 27, 2008) (where negligence claim was barred by statute of limitations, plaintiff was not permitted to seek replacement value of structure consumed by fire as relief on its breach of contract claim). The proper measure of damages for breach of a construction contract is the cost to either repair the defective construction or complete the contemplated construction or, if the defects are not remediable, the difference in value between a properly constructed

structure and that which was in fact built. *Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assocs*., P.C., 91 N.Y.2d 256, 261-62 (1998); *Haber v. Gutmann*, 64 A.D.3d 1106, 1108 (3rd Dep't 2009), *leave denied*, 13 N.Y.3d 711 (2009). Damages for breach of contract "are ordinarily ascertained as of the date of the breach," *i.e*., completion of construction in September, 2001. *Id.* at 261. Thus, assuming plaintiff can demonstrate that J.S.R. Systems failed to install the flue pipe and exhaust system for the pizza oven in accordance with it's contractual obligations, damages will be limited to the amount it would have cost, as of September, 2001, to reinstall the flue pipe and exhaust system in accordance with those contractual obligations.

Claims against Catherine Faust

New York's Civil Practice Law and Rules provides a three year statute of limitations for "an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort." N.Y.C.P.L.R. § 214(6). As the claim against Catherine Faust is that she failed to exercise due care in the design of plans for the pizza oven's ductwork and flue pipe, the three year statute of limitations applies. *See In re R.M. Kliment & Frances Halsband, Architects*, 3 N.Y.3d 538 (2004). Since Ms. Faust was not impleaded into this action until December 1, 2005 – more than three years after the September, 2001 completion of construction at the restaurant – the statute of limitations bars this action against her.

In addition, because J.S.R. Systems' contribution claim against Catherine Faust is dependent upon a finding of tort liability against J.S.R. Systems, which is barred by the statute of limitations, its contribution claim against Catherine Faust is also barred. *See Board of Educ. of the Hudson City Sch. Dist. v. Sargent, Webster,*

*Crenshaw & Folley*, 71 N.Y.2d 21, 24 & 28 (1987) (New York's contribution statute is not applicable between two parties whose potential liability to a third party is for economic loss resulting only from a breach of contract.). J.S.R. Systems' common law indemnification claim against Catherine Faust is also barred because liability by Catherine Faust to J.S.R. Systems would not arise unless J.S.R. Systems was first found liable for its own wrongdoing. *See Richards Plumbing & Heating Co., Inc. v. Washington Group Int'l, Inc.*, 59 A.D.3d 311, 312 (1st Dep't 2009), *quoting Trustees of Columbia Univ. v. Mitchell/Giurgola Assoc.*, 109 A.D.2d 449, 453 (1985) ("Since the predicate of common law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine.").

## **CONCLUSION**

Based on the foregoing, the motions by Catherine Faust (Dkt. #65), and J.S.R. Systems (Dkt. #72), to amend their answers to assert the statute of limitations as an affirmative defense is **GRANTED** and it is **RECOMMENDED** that Catherine Faust's motion for summary judgment dismissing the action as barred by the statute of limitations be **GRANTED** and that J.S.R. System's motion for summary judgment dismissing the action as barred by the statute of limitations be **GRANTED** with respect to plaintiff's negligence cause of action and **DENIED** with respect to plaintiff's breach of contract cause of action and that plaintiff's claim for damages with respect to the breach of contract cause of action be limited to direct economic damages as opposed to consequential damages.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         February 3, 2010

                                    <u>s/ H. Kenneth Schroeder, Jr.</u>
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**